**Marshall Meyers (020584)**
**WEISBERG & MEYERS, LLC**
**5025 North Central Ave., #602**
**Phoenix, AZ 85012**
**602 445 9819**
**866 565 1327 facsimile**
**mmeyers@AttorneysForConsumers.com**
**Attorney for Plaintiff**

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joshua Garcia, | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT AND TRIAL BY JURY** |
| | ) **DEMAND** |
| vs. | ) |
| | ) |
| Reliant Capital Solutions, LLC, | ) |
| | ) |
| | ) |
| Defendant. | ) |

### NATURE OF ACTION

1.   This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2.   This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.   Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendant transacts business in this district.

Complaint - 1

## PARTIES

4. Plaintiff, Joshua Garcia ("Plaintiff"), is a natural person who at all relevant times resided in the State of Arizona, County of Maricopa, and City of Tempe.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Reliant Capital Solutions, LLC ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.  Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. Defendant threatened to take an action against Plaintiff that could not be legally taken or that was not actually intended to be taken, including threatening to garnish Plaintiff's entire pay check, to take Plaintiff's personal property from his home and to put a lien on his car.

12. On or about November 27, 2009, after Plaintiff was forced to close a bank account as a result of fraud, Plaintiff spoke to Defendant's collector and their supervisor.

13. On that occasion, Defendant's representative told Plaintiff that if he did not make a payment Defendant would garnish Plaintiff's entire pay check, take Plaintiff's personal property from his home and put a lien on his car.   (§ 1692e(4) and (5))

14. In connection with collection of a debt, Defendant used language the natural consequence of which was to abuse Plaintiff.

15. During the November 27th conversation, Defendant's supervisor told Plaintiff that he had to make an "F'ing payment".  (§ 1692d(2)).

16. Defendant used false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff.

17. In May of 2010, Defendant's representative represented to Plaintiff that he was required to make a payment by July 13, 2010 or else the debt would go on his credit and the account would be returned to the original creditor.

18. Plaintiff did not make the payment, however Defendant did not report the debt to the credit bureaus nor return it to the creditor, but instead withdrew $103.00 from Plaintiff's bank account. (§ 1692e(10).

19. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

20. Plaintiff repeats and re-alleges each and every allegation contained above.

21. Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 22nd day of October, 2010

By: <u>s/ Marshall Meyers</u>
Marshall Meyers (020584)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
602 445 9819
866 565 1327 facsimile
mmeyers@AttorneysForConsumers.com
Attorney for Plaintiff